UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
OLESEGUN AYODELE,

        Petitioner,

                                10 CV 4018 (SJ)

  -versus-                       MEMORANDUM &
                                        ORDER

EASTERN DISTRICT OF NEW YORK,

        Respondent.
----------------------------------------------------X
A P P E A R A N C E S

OLUSEGUN AYODELE, PRO SE
Inmate No. 165512
Pike County Correctional Facility
Lords Valley, PA 18428

LORETTA E. LYNCH, ESQ.
United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201
By:   Amir Toossi

**JOHNSON, U.S.D.J.:**

      Olusegun Ayodele ("Ayodele" or "Petitioner") was arrested on September 23, 1992 at John F. Kennedy International Airport and subsequently indicted on charges relating to the importation of heroin after he excreted 77 balloons filled with the substance upon arrival. On December 8, 1992 he entered a guilty plea to the

1

importation of heroin, and on February 19, 1993, was sentenced to a term of imprisonment of 37 months followed by five years supervised release.

On March 27, 1997, while on supervision in the District of New Jersey, Petitioner was arrested and charged in state court with Second and Third Degree Possession with the Intent to Distribute a Controlled Dangerous Substance; Third Degree Aggravated Assault; and Fourth Degree Resisting Arrest. Specifically, he was arrested at a Mailboxes, Etc. store where he picked up a package containing a children's book that was sent from Karachi, Pakistan but was intercepted by the United States Customs Service. Hidden in the book was 102 grams of heroin. Petitioner resisted arrest and bit the arresting officer on the arm.

He subsequently pled guilty to all of these charges in Essex County Court and was given a September 18, 1998 sentencing date. He did not report for sentencing, nor did he report the arrests or convictions to the officer overseeing his federal supervision, nor did he appear for subsequent meetings with that officer.

Ayodele evaded apprehension until 2009, when he was brought before this Court on several violations of the terms of his supervised release. On October 21, 2009, he pled guilty to violating his supervision by possessing a controlled substance and was sentenced to a term of one year and one day, followed by one year of supervised release.

On August 23, 2010, Petitioner filed a petition ("Petition") pursuant to 28 U.S.C. § 2255 ("Section 2255") against "the Eastern District of New York." The petition did not state any grounds for relief. The government responded, arguing that Ayodele's conviction became final in March 1993 and thus the petition is not only without merit but is untimely. Ayodele has since missed four court appearances.

DISCUSSION

*Mootness*

Federal courts are courts of limited jurisdiction, and an action cannot be maintained if it no longer presents a live case or controversy. See United States v. Juvenile Male, __ U.S. __, 131 S. Ct. 2860, 2864 (2011) ("It is a basic principle of Article III that a justiciable case or controversy must remain 'extant at all stages of review, not merely at the time the complaint is filed.'") (citation omitted). In the habeas context, while the driving force of most every petition is the desire to be released from custody, one need not be incarcerated to maintain an action. This is because there may be collateral consequences to a particular conviction that outlive the term of imprisonment, such as the loss of civil rights, or immigration troubles. For that reason, if collateral consequences remain after a petitioner is released from custody, the Section 2255 action may still be a live one. See, e.g., Perez v. Greiner, 296 F.3d 123, 125 (2d Cir. 2002); Hatton-Pineda v. United States, Nos. 06 CR 285S,

3

08 CV 630S, 2012 WL 3822147, at *3 n.1 (W.D.N.Y. Sept. 4, 2012); Lewis v. New York, No. 08 CV 4978 (JFB), 2012 WL 5419899, at *3 (E.D.N.Y. Nov. 6, 2012) (collecting cases).

In this case, Ayodele faces potential immigration consequences stemming from his conviction. Therefore, the Petition is not moot. See, e.g., Laigo v. New York, No. 10 CV 4228 (PKC), 2013 WL 1898407, at *3 (E.D.N.Y. May 7, 2013) (finding live case or controversy where petitioner who completed term of incarceration and term of post-release supervision faced removal from the United States for committing a drug offense); cf. Fournier v. United States, Nos. 07 CV 187S, 10 CV 933S, 2013 WL 951371 at *2 (W.D.N.Y. Mar. 12, 2013) (finding petition moot where petitioner who sought only a reduction in sentence was no longer in custody).

*Limitations Period*

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") amended federal habeas law such that federal habeas petitions must be filed within a one year statute of limitations period that begins to run, with certain exceptions, from the date on which a judgment becomes final. See 28 U.S.C. § 2255. A judgment is deemed "final" either after the petitioner has exhausted direct appeals or after the time for seeking appellate review has expired. Id. Here, because Ayodele did not

appeal his conviction, it became final in March 1993, though he did not file the Petition for 17 years. That Petitioner seeks to challenge only the imposition of the additional term of incarceration (and not the initial term of 37 months) is of no import, for the appropriate course would still have been to "attack the lawfulness of the term of the supervised release originally imposed." McPherson v. United States, No. 02 CV 5963 (CBA), 2005 WL 1153630, *2 (E.D.N.Y. May 16, 2005) (finding untimely a petition brought upon revocation of supervised release).

Additionally, because Ayodele's petition was filed pro se, and the Court is wont to interpret it as setting forth the most favorable arguments, the Court has considered whether there exists any reason that AEDPA's limitations period ought to be tolled. See Cold Stone Creamery, Inc. v. Gorman, 361 Fed. Appx. 282, 285 (2d Cir. 2010) ("[T]he court must construe liberally pro se pleadings and interpret them 'to raise the strongest argument possible.'"). Equitable tolling is appropriate, however, only in "rare and exceptional circumstances." Doe v. Menefee, 391 F.3d 147, 159 (2d Cir. 2004). The inquiry focuses the severity of any obstacles to the petitioner's timely filing. See Bolarinwa v. Williams, 593 F.3d 226, 231-32 (2d Cir. 2010). But no such obstacles can be discerned from Petitioner's filings. Therefore, the Petition is hereby denied as untimely.

## CONCLUSION

For the foregoing reasons, the Petition is denied. Because Ayodele has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253. Additionally, the Court certifies that any appeal from this Order would not be taken in good faith, as Ayodele's claims lack any arguable basis in law or fact, and therefore in forma pauperis is also denied. See 28 U.S.C. § 1915(a)(3). The Clerk of the Court is directed to close the case.

SO ORDERED.

DATED: January 13, 2014  _____/s_____
       Brooklyn, New York         Sterling Johnson, Jr, U.S.D.J.